# EXHIBIT A

# RIDER

**Instructions**

     A.     You are commanded to produce documents responsive to these requests that are in your possession, custody, or control.

     B.     These requests seek the production of copies of documents responsive to each and every request that are in your possession, custody, or control. Original documents should not be produced in response to these requests.

     C.     These requests are continuing in nature and therefore require that supplemental responses be remitted in the event that you learn that any information provided is incomplete or incorrect.

     D.     Canobinoti LLC and David Ocomo (the "Claimants") reserve the right to request the production of additional documents from you as deemed necessary.

     E.     You are required to identify the specific request in response to which each document of group of documents is being produced. You are required to produce all documents not subject to an objection that are in the possession, custody, or control of you or any of your representatives. This duty is not to be limited or affected by the fact that the same document is available through another source.

     F.     You are required to produce, without redaction or expurgation, each requested document in its entirety, whether memoranda, reports, letters, minutes or other documents of any description.

     G.     With respect to any document that is withheld on a claim of privilege, please provide a separate statement setting forth the basis therefore, and the requisite identifying information for each document withheld.

     H.     If any requested document was formerly in the possession, custody, or control of you or your representatives and has been lost or destroyed, or otherwise transferred or disposed of, please provide a statement setting forth as to each such document the following information:

          i.     The name(s) of the sender(s) of the document;

          ii.     The name(s) of the author(s) of the document;

          iii.     The name(s) of the person(s) to whom the document or copies were sent;

          iv.     The job title of each individual identified in (a), (b) and (c) above;

          v.     The date of the document

  vi.  A brief description of the nature and subject matter of the document;

  vii.  The date on which the document was lost or destroyed; and

  viii.  If destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

 I. When documents, data, knowledge or information in the possession of a party is requested, such request includes documents, data, knowledge, or information of the party's agents, representatives, predecessors-in-interest, successors, subsidiaries, parents, experts, persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this case, and unless privileged, the party's attorney(s).

 J. Unless otherwise stated herein, the relevant time period for these requests shall be ***January 1, 2018 through the present***.

**Definitions**

 A. The "Debtor" shall mean Steven Himmelman, Debtor in the Chapter 7 proceeding commonly referred to as *In re Himmelman*, U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, No. 24-00574.

 B. "You", "Your" shall mean RECIPIENT.

 C. "David" shall mean David Himmelman.

 D. "Hollie" shall mean Hollie Himmelman.

 E. "Jason" shall mean Jason Himmelman.

 F. "Rita" shall mean Rita Himmelman.

 G. "Tzvi" shall mean Tzvi Himmelman.

 H. "DIM" shall mean Development in Motion Company, Inc.

 I. "IAFT" shall mean IAFT, LLC.

 J. "IAFT Gloves" shall mean IAFT Gloves, LLC.

 K. "Lone Ranger" shall mean Lone Ranger Masks, LLC.

 L. "Tamarta Partners" shall mean Tamarta Partners LLC.

 M. "Tamarta Ventures" shall mean Tamarta Ventures LLC.

N. "Impero Group" shall mean Impero Group LLC.

O. "Impero Construction" shall mean Impero Construction Inc.

P. "Jupiter" shall mean Jupiter Financial LLC.

Q. "Connexion" shall mean Connexion Partners LLC.

R. "B. Rosenstein" shall mean Brett Rosenstein.

S. "M. Rosenstein" shall mean Michael Rosenstein.

T. "Valore" shall mean Valore Investment Fund LLC.

U. "JLS" shall mean JLS Medical Supply LLC.

V. "SHC" shall mean Steve Himmelman Construction LLC

W. "ACME" shall mean ACME Concrete Pump Inc.

X. The "Trust" shall mean the David Himmelman Family Trust.

Y. "Paniagua" shall mean Richard Paniagua.

Z. "Sheedy" shall mean Leslie Hall-Sheedy.

AA. "Meredith" shall mean Meredith Austin Himmelman a/k/a Meridith Holt.

BB. "Zachary" shall mean Zachary Himmelman.

CC. "Power" shall mean Taryn E. Power.

DD. "Vector" shall mean Vector International Trading LLC.

EE. "FHV" shall mean Fox Hollow Ventures LLC.

FF. "FHCG" shall mean Fox Hollow Capital Group LLC.

GG. "FHI" shall mean Fox Hollow Investments LLC.

HH. "Vargas" shall mean Henry Vargas.

II. "Laguatan" shall mean Val Laguatan.

JJ. "Vaca" shall mean Freddy Vaca.

KK.  "BDM" shall mean Black Dutch Management LLC.

LL.  "Mihaljevic" shall mean Steve Mihaljevic.

MM.  "Del Mastro" shall mean Peter Del Mastro.

NN.  "Viking Trans" shall mean Viking Trans LLC.

OO.  "DC3" shall mean DC3 Global LLC.

PP.  "H&W" shall mean H&W Trading LLC.

QQ.  "W&H" shall mean W&H Trading Consultants LLC.

RR.  "BDT" shall mean Blue Dimond Trading LLC.

SS.  "HK" shall mean HK Capital LLC.

TT.  "Echotrade" shall mean Echotrade LLC.

UU.  "BDST" shall mean Black Dutch Standard Trading Inc.

VV.  "FGR" shall mean FGR Partners One, Inc.

WW.  "Ocwen" shall mean Ocwen Loan Services LLC

XX.  "Viking Transocean" shall mean Viking Transocean LLC.

YY.  "PHH" shall mean PHH Mortgage Services.

ZZ.  "Ronald" shall mean Ronald Himmelman.

AAA.  "Richard" shall mean Richard Himmelman.

BBB.  "WF" shall mean Wells Fargo.

CCC.  "BB" shall mean Burling Bank.

DDD. "Document" or "documents" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation, books, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow

statements, balance sheets, solicitations, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, checkbooks, cancelled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills, written estimates, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and recordings.

EEE.   "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

FFF.   "Relied upon" shall mean being or having been arguably appropriate for such reliance.

GGG.   "Identification" or "identify" shall mean:

    i.    As to an individual, stating his or her:

        (1)    full and customarily used names;

        (2)    present residence address and business address;

        (3)    residence address and business address during the relevant time period;

        (4)    businesses or professions during the relevant time period;

        (5)    every office, title or position held during the relevant time period:

        (6)    every employer during the relevant time period, stating the name and present or last known address of each such employer.

    ii.    As to any person other than an individual, stating:

        (1)    its legal name and any other names used by it;

        (2)    the form or manner of its organization (e.g., partnership, corporation, etc.);

        (3)    the state of its incorporation (if it is incorporated) and the address of its principal place of business.

    iii.    As to a document, stating:

        (1)    the date of its creation, execution and receipt;

        (2)    its author or signatory;

    (3) its addressee and every other recipient or person having knowledge of its contents or whereabouts;

    (4) its type or nature (e.g., letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);

    (5) the name and the business and home address of the custodian of the document;

    (6) the present location of the document.

  iv. As to an event, transaction or occurrence, stating:

    (1) its date;

    (2) the place where it took place and the manner of its occurrence (e.g., face-to-face meeting of participants, telephone calls, etc.);

    (3) the identification of all of its participants and eyewitnesses to its occurrence;

    (4) its purpose and subject matter;

    (5) a concise description of what transpired.

**Document Requests**

You are hereby commanded to produce documents and property responsive to these requests that are in your possession, custody and/or control:

1. Any and all documents relating to the Debtor's assets, liabilities and financial condition, including, but not limited to:

  a) Recorded information, including books, documents, records and papers relating to property of the estate;

  b) Any and all statements for any bank account of the Debtor;

  c) Any and all payroll records of the Debtor;

  d) Any and all documents that refer to, relate to, evidence or reflect any interest owned or held by the Debtor in any partnership, limited liability company or corporation;

 e) Any and all documents that refer to, relate to, evidence or reflect the payment of any wages, salaries, bonuses, commissions and/or dividends to the Debtor;

 f) All state and federal tax returns prepared and/or filed by the Debtor.

 g) Any and all documents that refer to, relate to, evidence or reflect the payment of any amounts by the Debtor to any of the following individuals or entities:

- David
- Any entity owned in whole or in part by David
- Any trust in which David owns a beneficial interest
- DIM
- Any entity owned in whole or in part by DIM
- Any trust in which DIM owns a beneficial interest
- IAFT
- Any entity owned in whole or in part by IAFT
- Any trust in which IAFT owns a beneficial interest
- Hollie
- Any entity owned in whole or in part by Hollie
- Any trust in which Hollie owns a beneficial interest
- Jason
- Any entity owned in whole or in part by Jason
- Any trust in which Jason owns a beneficial interest
- Rita
- Any entity owned in whole or in part by Rita
- Any trust in which Rita owns a beneficial interest
- Tzvi
- Any entity owned in whole or in part by Tzvi
- Any trust in which Tzvi owns a beneficial interest
- Zachary
- Any entity owned in whole or in part by Zachary
- Any trust in which Zachary owns a beneficial interest
- Meredith
- Any entity owned in whole or in part by Meredith
- Any trust in which Meredith owns a beneficial interest
- Richard
- Any entity owned in whole or in part by Richard
- Any trust in which Richard owns a beneficial interest
- Ronald
- Any entity owned in whole or in part by Ronald
- Any trust in which Ronald owns a beneficial interest

  h)  Any and all documents that refer to, relate to, evidence or reflect the payment of any amounts to the Debtor by any of the following individuals or entities:

- David
- Any entity owned in whole or in part by David
- Any trust in which David owns a beneficial interest
- DIM
- Any entity owned in whole or in part by DIM
- Any trust in which DIM owns a beneficial interest
- IAFT
- Any entity owned in whole or in part by IAFT
- Any trust in which IAFT owns a beneficial interest
- Hollie
- Any entity owned in whole or in part by Hollie
- Any trust in which Hollie owns a beneficial interest
- Jason
- Any entity owned in whole or in part by Jason
- Any trust in which Jason owns a beneficial interest
- Rita
- Any entity owned in whole or in part by Rita
- Any trust in which Rita owns a beneficial interest
- Tzvi
- Any entity owned in whole or in part by Tzvi
- Any trust in which Tzvi owns a beneficial interest
- Zachary
- Any entity owned in whole or in part by Zachary
- Any trust in which Zachary owns a beneficial interest
- Meredith
- Any entity owned in whole or in part by Meredith
- Any trust in which Meredith owns a beneficial interest
- Richard
- Any entity owned in whole or in part by Richard
- Any trust in which Richard owns a beneficial interest
- Ronald
- Any entity owned in whole or in part by Ronald
- Any trust in which Ronald owns a beneficial interest

  i)  Any and all documents that refer to, relate to, evidence or reflect the payment of any and all loans made by the Debtor to any of the following entities:

- David
- Any entity owned in whole or in part by David

- Any trust in which David owns a beneficial interest
- DIM
- Any entity owned in whole or in part by DIM
- Any trust in which DIM owns a beneficial interest
- IAFT
- Any entity owned in whole or in part by IAFT
- Any trust in which IAFT owns a beneficial interest
- Hollie
- Any entity owned in whole or in part by Hollie
- Any trust in which Hollie owns a beneficial interest
- Jason
- Any entity owned in whole or in part by Jason
- Any trust in which Jason owns a beneficial interest
- Rita
- Any entity owned in whole or in part by Rita
- Any trust in which Rita owns a beneficial interest
- Tzvi
- Any entity owned in whole or in part by Tzvi
- Any trust in which Tzvi owns a beneficial interest
- Zachary
- Any entity owned in whole or in part by Zachary
- Any trust in which Zachary owns a beneficial interest
- Meredith
- Any entity owned in whole or in part by Meredith
- Any trust in which Meredith owns a beneficial interest
- Richard
- Any entity owned in whole or in part by Richard
- Any trust in which Richard owns a beneficial interest
- Ronald
- Any entity owned in whole or in part by Ronald
- Any trust in which Ronald owns a beneficial interest

j) Any and all documents that refer to, relate to, evidence or reflect the payment of any and all loans made to the Debtor by any of the following entities:

- David
- Any entity owned in whole or in part by David
- Any trust in which David owns a beneficial interest
- DIM
- Any entity owned in whole or in part by DIM
- Any trust in which DIM owns a beneficial interest
- IAFT
- Any entity owned in whole or in part by IAFT

- Any trust in which IAFT owns a beneficial interest
- Hollie
- Any entity owned in whole or in part by Hollie
- Any trust in which Hollie owns a beneficial interest
- Jason
- Any entity owned in whole or in part by Jason
- Any trust in which Jason owns a beneficial interest
- Rita
- Any entity owned in whole or in part by Rita
- Any trust in which Rita owns a beneficial interest
- Tzvi
- Any entity owned in whole or in part by Tzvi
- Any trust in which Tzvi owns a beneficial interest
- Zachary
- Any entity owned in whole or in part by Zachary
- Any trust in which Zachary owns a beneficial interest
- Meredith
- Any entity owned in whole or in part by Meredith
- Any trust in which Meredith owns a beneficial interest
- Richard
- Any entity owned in whole or in part by Richard
- Any trust in which Richard owns a beneficial interest
- Ronald
- Any entity owned in whole or in part by Ronald
- Any trust in which Ronald owns a beneficial interest

2. All documents that relate to any trust in which the Debtor owns a beneficial interest.

3. All documents, from the time of formation to the present, that relate to, refer to, reflect or evidence the ownership of any entity owned, in whole or in part, by the Debtor, including, without limitation, DIM, IAFT, Vector, Impero Group, BDM, FHI, FHCG, FHV, Impero Construction, FGR, Viking Trans, Tamarta Partners, Tamarta Ventures, H&W, W&H, BDT and/or HK (hereinafter referred to collectively as the "Related Entities"). Responsive documents shall include, but are not limited to, member agreements, ownership interest records, and all other documents that reflect, directly or indirectly, the ownership of the Related Entities.

4. All documents which refer to, relate to, reflect or evidence any business dealings between You and the Debtor.

5. All documents which refer to, relate to, reflect or evidence any business dealings between You and any of the Related Entities.

6. All financial records in your possession, custody and/or control relating to the Debtor.

      7.      All financial records in your possession, custody and/or control relating to any of the Related Entities.

      8.      The Articles of Incorporation and any amendments to such Articles of Incorporation of any of the Related Entities.

      9.      The Articles of Organization and any amendments to such Articles of Organization of any of the Related Entities.

      10.      The bylaws and any amendments to such bylaws of any of the Related Entities.

      11.      The company agreements of any of the Related Entities.

      12.      The company minute books from the time of formation to the present of any of the Related Entities.

      13.      All state and federal tax returns prepared and/or filed by the Related Entities.

      14.      All documents, from the time of formation to the present, that relate to, refer to, reflect, evidence or identify any shareholders, members, managers, officers, directors, partners and/or employees of any of the Related Entities.

      15.      Any and all documents that relate to, refer to, reflect or concern any checking, savings or other type of account owned and/or maintained by the Debtor with any type of financial institution that currently holds or held any funds of the Debtor, whether such accounts are open or closed. For the avoidance of doubt, this request includes, but is not limited to, all bank statements, cancelled checks (front and back), check registers, check stubs, deposit slips, withdrawal slips, wire transfers in, wire transfers out, checkbooks, passbooks and certificates of deposit.

      16.      Any and all documents that relate to, refer to, reflect or concern any checking, savings or other type of account owned and/or maintained by each or any of the Related Entities with any type of financial institution that currently holds or held any funds of any of the Related Entities, whether such accounts are open or closed. For the avoidance of doubt, this request includes, but is not limited to, all bank statements, cancelled checks (front and back), check registers, check stubs, deposit slips, withdrawal slips, wire transfers in, wire transfers out, checkbooks, passbooks and certificates of deposit.

      17.      All documents that refer to, relate to, reflect or concern any of the assets belonging to any of the Related Entities, including any stock or membership interests in the Related Entities, or any revenue generated by any of the Related Entities being transferred to any of the other Related Entities.

      18.      All documents that refer to, relate to, reflect or concern any of the assets belonging to any of the Related Entities, including any stock or membership interests in the Related Entities, or any revenue generated by any of the Related Entities being transferred to the Debtor.

19. All documents that refer to, relate to, reflect or concern the creation, capitalization and/or funding of any of the Related Entities including, but not limited to, money paid into the Related Entities or any one or more of them by any person or entity.

20. Any and all documents that relate to, refer to, reflect or concern any transfers of any property to You from the Debtor.

21. Any and all documents that relate to, refer to, reflect or concern any transfers of any property to You from any of the Related Entities.

22. Any and all documents that relate to, refer to, reflect or concern any transfers of any property by You to the Debtor.

23. Any and all documents that relate to, refer to, reflect or concern any transfers of any property by You to any of the Related Entities.

24. Any and all documents that relate to, refer to, reflect or concern any transfers of any property by the Debtor to any of the Related Entities.

25. Any and all documents that relate to, refer to, reflect or concern any transfers of any property by any of the Related Entities to the Debtor.

26. All documents that refer to, relate to, reflect or concern any entity in which the Debtor has had an ownership interest in within the last five (5) years.

27. All documents that refer to, relate to, reflect or concern any entity that has employed the Debtor within the last five (5) years.

28. All written correspondence (including email correspondence) between You and the Debtor.

29. All written correspondence (including email correspondence) between You and any of the Related Entities and/or any entity for which the Debtor is/was an employee, manager, officer, director, member, shareholder, agent, partner, grantor, beneficiary and/or principal.

30. All documents relating to the Debtor's ownership interest in 3735 N. Tripp Avenue, Chicago, Illinois 60641.

31. All documents relating to the value of the property located at 3735 N. Tripp Avenue, Chicago, Illinois 60641, including without limitation, all appraisals, listings of the property and offers to purchase the property.