UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| STEVEN HIMMELMAN, | ) | |
| | ) | CASE NO. 24-00574 |
| | ) | |
| DEBTOR | ) | HONORABLE DEBORAH L. THORNE |

**NOTICE OF MOTION**

TO:  See attached list

PLEASE TAKE NOTICE that on **Wednesday, August 14th, 2024, at 1:00 p.m.**, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b) AND SHORTEN NOTICE** a copy of which is attached and is served on you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

 **To appear by Zoom using a telephone**, call Zoom for Government at (669) 254-5252 or (646) 828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.**  The meeting ID for this hearing is **160 9362 1728** and **no passcode is required** The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

/s/ Jeffrey L. Gansberg
Jeffrey L. Gansberg, Attorney
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3327

# CERTIFICATE OF SERVICE

I, Jeffrey L. Gansberg,

☒ an attorney, certify

certify that on July 22, 2024, I caused to be served copies of this Notice, the attached Motion, and Proposed Orders on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and for all other entities listed on the service list, *via* First Class US Mail by BMC Group. A supplement to this Certificate of Service from BMC Group will be filed.

*/s/ Jeffrey L. Gansberg*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Jon J Lieberman**   bankruptcy@sottileandbarile.com
- **Ariel Weissberg**   ariel@weissberglaw.com, Hava@weissberglaw.com;rakesh@weissberglaw.com;oleh@weissberglaw.com;6010998420@filings.docketbird.com
- **Brian P Welch**   bwelch@burkelaw.com, gbalderas@burkelaw.com

**Parties Served via First Class Mail:**

| | |
|---|---|
| **Canobinoti LLC**<br>c/o Joshua Truppman, Esq.<br>200 SE 1st Street, Suite 400<br>Miami, FL 33131 | (30618295)<br>(cr) |
| **Canobinoti, LLC and David Ocomo**<br>499 NE 37th Street<br>Miami, FL 33137 | (30675843)<br>(cr) |
| **David Himmelman**<br>384 Tomahawk Drive<br>Palm Desert, CA 92211 | (30618296)<br>(cr) |
| **David Ocomo**<br>c/o Joshua Truppman, Esq.<br>200 SE 1st St., Suite 400<br>Miami, FL 33131 | (30618297)<br>(cr) |

**Department of Treasury**
Internal Revenue Service (30679421)
PO Box 7346 (cr)
Philadelphia, PA 19101

**Development in Motion Company, Inc.** (30618298)
151 North Nob Hill Road, Suite 381 (cr)
Plantation, FL 33324

**Don Williams** (30618299)
37329 Meridian Avenue, Unit 104 (cr)
Dade City, FL 33525

**Hollie Himmelman** (30618300)
3735 N. Trip Avenue (cr)
Chicago, IL 60641

**Illinois Department of Revenue**
Attn: Bankruptcy (30618301)
45 Eisenhower Dr., Ste 320 (cr)
Paramus, NJ 07652

**Jason Himmelman** (30618302)
Box 6658 (cr)
Breckenridge, CO 80424

**Kaplan & Gournis, PC** (30618303)
180 N. LaSalle Street, Suite 2108 (cr)
Chicago, IL 60601

**PHH Mortgage Corporation**
c/o ALDRIDGE PITE, LLP (30636608)
8880 Rio San Diego Drive, Suite 725 (ntcapr)
San Diego, CA 92108

**Randy Abeles** (30618304)
7896 Palencia Way (cr)
Delray Beach, FL 33446

**Real Estate Acquisition Devel Sales** (30618305)
140 Jellico Circle (cr)
Southlake, TX 76092-6804

**Real Estate Acquisition Development** (30618306)
300 State St., Unit 94032 (cr)
Southlake, TX 76092-1272

**Richard Woods** (30618307)
140 Jellico Circle (cr)
Southlake, TX 76092-6804

**Rita Himmelman**
P.O. Box 8624
Breckenridge, CO 80424

(30618308)
(cr)

**Robert Breit, M.D.**
501 N. Clinton, Suite 3303
Chicago, IL 60654

(30618309)
(cr)

**Ron Thauer**
4800 A1A #302
Vero Beach, FL 32963

(30618310)
(cr)

**Shendell & Pollock, PL**
2700 North Military Trail
Suite 150
Boca Raton, FL 33431

(30671330)
(cr)

**Shendell and Pollock**
2700 N. Military Trail, Suite 150
Boca Raton, FL 33431

(30618311)
(cr)

**Tzvi Himmelman**
Zerach Barnett 12
Apt. 15 (Fifth Floor)
Jerusalem, Israel

(30618312)
(cr)

**Wells Fargo Bank N.A.**
Bankruptcy Dept. MAC X7801-01-014
3476 Stateview Blvd.
Fort Mill, SC 29715-7203

(30618313)
(cr)

**Wells Fargo Bank, National Association**
c/o PHH Mortgage Corporation
Attn: Bankruptcy Department
PO Box 24605
West Palm Beach, FL 33416-4605

(30691915)
(cr)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| STEVEN HIMMELMAN, | ) | |
| | ) | CASE NO. 24-00574 |
| | ) | |
| DEBTOR | ) | HONORABLE DEBORAH L. THORNE |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
OR CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b)**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois ("U.S. Trustee"), by and through his attorney, Jeffrey L. Gansberg, moves pursuant to 11 U.S.C. § 1112(b), for an order dismissing the captioned Chapter 11 case for "cause," or in the alternative, converting the case to Chapter 7 ("Motion"). In support of the Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.

2. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which has been referred to this Court pursuant to IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

3. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The U.S. Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

**The Debtor and His Bankruptcy Case**

5. The Debtor filed his voluntary chapter 11 bankruptcy petition on January 16, 2024. [Dkt No. 1]. With his petition, the Debtor filed Schedules D and E/F. [Dkt No. 1].

6. On January 30, 2024, the Debtor filed his schedules (the "Schedules) and his statement of financial affairs (the "SOFA"). [Dkt Nos. 15, 16]. On March 19, 2024, the Debtor filed his amended Schedule A/B and Schedule I (each, an "Amended Schedule"). Dkt No. 39.

7. The Debtor's main asset is a parcel of residential real property (the "Real Property) located in Chicago. *See* Amended Schedule A/B.

8. The Debtor scheduled two values for the Real Property – on his Amended Schedule A/B, he valued the Real Property at $950,000 and on his Schedule D, he valued the Real Property at $1,200,000. Regardless of the value of the Real Property, the Debtor's Schedules and Amended Schedules indicate that there is no value for the creditors of this estate. *See generally*, Amended Schedule A/B and Schedule D.

9. On his Schedule D, the Debtor scheduled a $292,000 mortgage secured by the Real Property. *See* Schedule D. The Debtor also scheduled a judgment lien against the Real Property in the amount of $24,351,266.04. *See* Schedule D.

10. Other than the Real Property, the Debtor scheduled $5,456 in personal property. *See* Amended Schedule A/B.

11. The Debtor scheduled $5,000 in monthly income and $1,500 in social security benefits on his Schedule I. *See* Schedule I. He also indicated that he expected to be paid substantial consulting fees in 2024. *Id*.

12. To date, the Debtor has filed each of his required monthly operating reports (the "MORs"). *See generally,* Docket.

13. The MORs also indicate a negative cash flow for the months of January, February, March, and May 2024. *See* MORs for months of January, February, March, and May 2024. In April, the Debtor had only $53 in positive cash flow. *See* April MOR [Dkt No. 48].

14. The Debtor appears to have had no earned income during the pending of this case. *See generally,* MORs. Rather, with one exception, the Debtor has been surviving on what appears to be transfers from relatives and his social security income. *Id*. That exception is a "Venmo Cashout" on May 24, 2024. *See* May MOR. However, the Debtor did not schedule a Venmo account on his Schedule A/B. *See* Schedule A/B.

15. To date, the Debtor has not been paid the expected consulting income included on his Schedule I. *See generally*, MORs. Nor has the Debtor obtained gainful employment from which he could perform under any plan.

16. The Debtor has taken no substantive action to advance his case. *See generally*, Docket. Indeed, the Debtor has only: (i) retained counsel, (ii) filed required amended documents, and (iii) filed the MORs. While each is important, none advances the case in a material way.

17. Although this case has been pending for six months, the Debtor has taken no steps to implement a plan. Indeed, the Debtor has not proposed plan or sought an extension of exclusivity. Nor has the Debtor sought to retain a real estate agent or filed a motion to sell the Real Property, the only significant asset of this estate.

18. The Debtor should not be entitled to file a chapter 11 bankruptcy case to forestall his creditors but take no action to advance his case. Allowing him to do so allows him to use the Bankruptcy Code as a shield and a sword. Such conduct is not proper.

3

## ARGUMENT

## CAUSE EXISTS TO DISMISS OR CONVERT THIS CASE

19. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

20. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

21. "The court must convert a case to chapter 7 or dismiss the case if there is 'cause' to do so" unless the debtor can establish one of the exceptions. *See In re Aurora Memory Care, LLC*, 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018). Once cause is established, the debtor has the burden of proving the required exceptions to fend off conversion or dismissal. *Id.* To fend off conversion or dismissal, the court must find "unusual circumstances" "establishing that converting or dismissing the case is not in the best interest of creditors and the estate." 11U.S.C. §1112(b)(2). And, the debtor or another party must establish (A) there is a reasonably likelihood that a plan will be confirmed as provided for in sections 1121(e) and 1129(e) or within a reasonable time if those section do not apply **and** (B) "the grounds for converting or dismissing the case include an act or omission of the debtor other than paragraph [§1112(b)] (4A) – (i) for which there exists a reasonable justification for the act or omissions; and (ii) that will be cured within a reasonable period of time fixed by the court." *Id.*

4

**Cause Exists to Dismiss or Convert Because the Debtor Will Be Unable to Reorganize or Confirm a Plan of Reorganization and the Case was Not Filed in Good Faith**

22. Cause exists to dismiss or convert this case because the Debtor has no ability to reorganize and has no assets of value to liquidate, and therefore, did not file this case in good faith.

23. The Debtor has earned no income since he filed this case, with, perhaps, one minimal exception. Likewise, the Debtor has nothing to reorganize. *See In re Block*, 58 B.R. 374, 379 (Bankr. M.D. Fla 1986) (case with lack of assets dismissed "if not for lack of good faith in filing the Petition, then certainly on the basis that this Debtor cannot achieve rehabilitation under this Chapter.").

24. The Debtor's lack of income and assets illustrates that any plan he ultimately files will not be feasible. "[I]t is significant that the debtor has no marketable goods or services and no other types of income-producing investments that would sustain payments to pre-petition and post-petition creditors . . .." *See In re Original IFPC Shareholders, Inc.*, 317 B.R. 738, 743-44 (Bankr. N.D. Ill 2004) (granting motion to dismiss). The inability to effectuate a plan is a basis to dismiss a case. *See In re Woodbrook Assocs.,* 19 F.3d 312, 316 (7th Cir. 1994).

25. Moreover, reliance on third party gifts to fund a plan does not meet the feasibility requirements.

26. Section 1129(a)(11) requires that the plan proponent establish that the proposed plan is feasible. The plan proponent must demonstrate that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). "The feasibility requirement mandates that the plan proponent offer concrete evidence of sufficient cash flow to fund and maintain both its operations and its obligations under the plan." *In re Multiut Corp.*, 449 B.R. 323, 347 (Bankr. N.D. Ill. 2011).

"Confirmation should neither be based on speculation nor the visionary projections of a debtor's champion." *In re Repurchase Corp.*, 332 B.R. 336, 343 (Bankr. N.D. Ill. 2005).

27. Based on the MORs, the Debtor is unable to propose a plan that is based upon any income other than gifts from family members. The current payor of the family donations to the Debtor has no obligation to continuing gifting money to the Debtor. If the Debtor stops receiving family gifts, he has no legal basis to compel the payor to begin making those payments again. Likewise, the creditors cannot compel anyone to make gifts to the Debtor. Such a voluntary third-party funding source fails to pass the feasibility requirement because the Debtor cannot show "concrete evidence of sufficient cash flow to fund and maintain both its operations and its obligations under the plan." *In re Multiut Corp.*, 449 B.R. at 347 (Bankr. N.D. Ill. 2011). Because the Debtor will be unable to satisfy Section 1129(a)(11) in any plan he files, the Debtor will not be able to confirm a plan..

**DISMISSAL IS IN THE BEST INTEREST OF CREDITORS AND THE ESTATE**

28. The question of whether conversion or dismissal is in the best interests of creditors and the estate is a question committed to the discretion of the bankruptcy court. *Aurora Memory,* 589 B.R. at 638. In answering that question, courts often weigh which course of action will lead to the largest number of creditors receiving the most amount of money in the shortest period of time. *Aurora Memory*, 589 B.R. at 643. Courts also compare how creditors would fare trying to collect from the debtor in bankruptcy court as opposed to outside of bankruptcy. *Id*. In comparing those two scenarios, a key question is the availability of estate assets for a bankruptcy trustee to liquidate and use to pay creditors the money the debtor owes them. *Id*.

29. In this case, it appears dismissal is appropriate because there are few, if any, unencumbered assets.

6

30. Based on the facts of this case, including the Debtor's limited assets, it appears that unsecured creditors will receive no distribution. Without a distribution to creditors, conversion would not be in their best interest. Dismissal would put the parties back in their respective positions prior to the bankruptcy filing.

## CONCLUSION

31. Based on the foregoing, the U.S. Trustee submits that cause exists under Section 1112(b) to dismiss or convert this case to Chapter 7 and to shorten notice to that given.

WHEREFORE, the U.S. Trustee respectfully requests this Court to enter an order: (1) dismissing this case, or alternatively, converting this case to a case under Chapter 7 of the Bankruptcy Code; and (2) granting such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: July 22, 2024     By:     /s/ Jeffrey L. Gansberg
                                 Jeffrey L. Gansberg, Attorney
                                 OFFICE OF THE U.S. TRUSTEE
                                 219 South Dearborn Street, Room 873
                                 Chicago, Illinois 60604
                                 (312) 886-3327